**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  14-10211 BKT** |
| | **Chapter 7** |
| **PEDRO M. VAN RHYN SOLER** | |
| **Debtor** | |
| | |
| **MULTINATIONAL LIFE INSURANCE COMPANY** | |
| | |
| **Plaintiff** | |
| | |
| **vs.** | **Adversary No. 15-00181 BKT** |
| | |
| **PEDRO M. VAN RHYN SOLER** | |
| | |
| **Defendant** | **FILED & ENTERED ON 03/10/2016** |

## OPINION AND ORDER

Before this Court is a *Motion to Dismiss* [Dkt. No. 11] filed by Debtor, Mr. Pedro M. Van Rhyn Soler ("Defendant" or "Mr. Van Rhyn"), and an opposition to said motion [Dkt. No. 25] filed by Multinational Life Insurance Company ("Plaintiff" or "Multinational"). For the reasons set forth below, Defendant's *Motion to Dismiss* is GRANTED.

### I.    Factual Background

Debtor, Pedro M. Van Rhyn Soler, petitioned for relief under chapter 7 of the Bankruptcy Code on December 13, 2015. The first date set for the meeting of creditors under 11

1

U.S.C. § 341(a) was January 15, 2015, and objections to discharge were due by March 16, 2015. [Case No. 14-10211, Dkt. No. 5].

The trustee filed a Motion for an Extension of Time to Object to Discharge on March 3, 2015. [Case No. 14-10211, Dkt. No. 31]. In his Motion, the trustee explained that he was investigating the Debtor's financial affairs and had not yet received certain documentation he requested from the Debtor during the continued meeting of creditors. Accordingly, the trustee sought relief in the form of a ninety (90) day extension, as he was unable to finalize his review prior to the original deadline. This Court granted such request on March 4, 2015. [Case No. 14-10211, Dkt. No. 32].

On August 4, 2015, Multinational also filed a Motion for Extension of Time to File Objection to Discharge. [Case No. 14-10211, Dkt. No. 76]. In its motion, Multinational asserts that it complies with Rule 4004(b)(2) because the causes of action and the factual grounds were recently ascertained by it, as the basis for the objection to the Debtor's discharge. [Case No. 14-10211, Dkt. No. 76]. The *Complaint* referenced here was filed by Multinational on July 16, 2015, one month after the expiration of the June 15, 2015 deadline set by this Court. [Adv. P. No. 15-00181, Dkt. No. 1].

Debtor filed an opposition to Multinational's Motion on August 11, 2015. [Case No. 14-10211, Dkt. No. 77]. In his response, Debtor argues that Multinational did not file its Motion prior to the deadline and that it failed to meet its burden of showing cause under Rule 4004(b)(2). In particular, Debtor contends that Multinational actively participated in all section 341 meeting continuances, and deposed Debtor for nine days as part of an ongoing state court proceeding. As a result, Debtor maintains that Multinational was aware of the deadline for filing objections to

2

discharge and has not produced any new evidence that shows cause for extending such deadline in accordance with Rule 4004(b)(2).

## II.    Standard of Review

Pursuant to Rule 4004(a), objections to a chapter 7 debtor's discharge under 11 U.S.C. § 727 must be filed no later than 60 days following the first date set for the meeting of creditors under 11 U.S.C. § 341. Fed. R. Bankr. P. 4004(a). In general, "the Rules' deadlines are to be interpreted strictly and in a manner consistent with the [Bankruptcy] Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case." In re Dombroff, 192 B.R. 615, 621 (Bankr. S.D. N.Y. 1996) (citing Taylor v. Freeland & Kronz, 938 F.2d 420 (3d Cir. 1991), aff'd, 503 U.S. 638 (1992)).

The deadline to file a complaint objecting to a debtor's discharge under Rule 4004(b) can be extended by the court for cause. The determination of whether cause exists to extend the filing deadline set by Rule 4004(b) rests within the Bankruptcy Court's discretion. In re Nowinski, 291 B.R. 302, 305 (Bankr. S.D. N.Y. 2003). Accordingly, the following factors should be considered in evaluating a request for an extension: "(1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppels of the relevant issues." Id. (citations omitted). These factors provide an analytical framework and are not exclusive. In re Bressler, 2007 WL 98493, at *1-2 (Bankr. S.D. N.Y Jan. 12, 2007).

3

### III.  Legal Analysis

Rule 4004 provides the time for objecting to a debtor's discharge as well as the grounds upon which an extension of the filing deadline may be granted. Fed. R. Bankr. P. 4004. In particular, subdivision (a) provides that "[i]n a chapter 7 case, a complaint…objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P.  4004(a). The sixty day period runs from the first date set for the creditors meeting regardless of whether it actually occurs on that date. 9 COLLIER ON BANKRUPTCY § 4007.04[1][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Furthermore, subdivision (b) sums up the circumstances under which an extension of the sixty day period may be granted. Fed. R. Bankr. P. 4004(b). This rule consists of two further subdivisions—subdivision (b)(1) applies to situations in which the motion is filed prior to the deadline set in subdivision (a), while subdivision (b)(2) applies to situations in which the motion is filed after the deadline set in subdivision (a), but before the discharge is granted. Fed. R. Bankr. P. 4004(b).

In the case at bar, the first date set for the meeting of creditors was January 15, 2015. Therefore, the deadline for objecting to Defendant's discharge, calculated in accordance with Rule 4004(a), expired on March 16, 2015. However, pursuant to Rule 4004(b)(1), this Court granted the trustee's Motion of March 3, 2015, thereby extending the deadline to June 15, 2015.

Multinational filed its *Complaint* objecting to Mr. Van Rhyn's discharge on July 16, 2015, one month after the filing deadline, but prior to the Debtor's discharge. As an initial matter, the court must consider whether it has the authority to consider Multinational's untimely

4

request under Rule 4004(b)(2). On this matter, the Supreme Court held in <u>Bowles v. Russell</u>, 551 U.S. 205, 210-11 (2007), and <u>Kontrick v. Ryan</u>, 540 U.S. 443, 454 (2004), that a time limit prescribed by a court-promulgated rule, such as Fed. R. Bankr. P. 4004(a), does not affect a court's subject-matter jurisdiction and may be relaxed in the exercise of its discretion. Similarly, the Seventh Circuit has described the filing period contained in Rule 4004(a) as "akin to a statute of limitations." <u>Disch v. Rasmussen</u>, 417 F.3d 769, 776 (7th Cir. 2005). As a result, this Court has jurisdiction to consider Multinational's untimely filed adversary proceeding.

The court now turns its attention to whether Multinational has met its burden of showing cause to extend the deadline for objecting to discharge pursuant to Rule 4004(b)(2). This statute provides the following:

> A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(b)(2).

In its motion, Multinational contends that its claim against Defendant is based on fraud. However, Multinational fails to articulate a factual basis showing its efforts to conduct discovery or otherwise investigate its claim. Moreover, Multinational does not offer any specific facts or allegations suggesting it has a reasonable basis to conclude that it may discover additional information that would provide a basis for revocation of Mr. Van Rhyn's discharge under Rule 4004(b)(2)(A). Thus, Multinational's argument that it has a claim based on fraud does not hold water, as it is not sufficient to meet its burden of showing cause under Rule 4004(b)(2).

5

In a similar case before the Eastern District of New York, our sister court held that while allegations of fraud or misrepresentation may be grounds to deny a discharge, they "are not cause to grant an extension of time to object to discharge or dischargeability." In re Chatkhan, 455 B.R. 365, 368 (Bankr. E.D. N.Y. 2011). In addition, it concluded that "[n]o argument had been advanced that any alleged fraud or material misrepresentation impeded [movant] from pursuing his rights, requesting discovery, or filing a complaint to object to discharge or dischargeability." Id. This Court finds the reasoning of the Chatkhan court sound and supported by the strict language of Rule 4004(b)(2). Torres v. Oakland Scavenger Co., 487 U.S. 312, 319 (1988) (Scalia, J., concurring) (concluding that our task is "to interpret the rules neither liberally nor stingily, but only, as best we can, according to their apparent intent. Where that intent is to provide leeway, a permissive construction is the right one; where it is to be strict, a permissive construction is wrong.").

We need not go further. Even assuming, *arguendo*, that Multinational's argument that it has a claim against Defendant based on fraud was sufficient to allege a basis for extending the filing deadline under Rule 4004(b)(2)(A), it would still fail due to insufficient facts to satisfy the standard that "the movant did not have knowledge of those facts in time to permit an objection." Fed. R. Bankr. P. 4004(b)(2)(B). Multinational makes no assertion that its knowledge of the facts giving rise to the alleged fraud were formed in the gap period between the end of the day on June 15, 2015, when the filing deadline expired, and July 16, 2015, when it filed its Motion. Given the unambiguous language of the Rule, this Court will not grant an extension where the request is made after such statutory deadline has elapsed and fails to show cause under Rule 4004(b)(2).

**IV.    Conclusion**

WHEREFORE, IT IS ORDERED that the Motion to Dismiss [Dkt. No. 11] filed by the Defendant is GRANTED.

In San Juan, Puerto Rico this 10th day of March, 2016.

Brian K. Tester
U.S. Bankruptcy Judge