**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  14-10211 BKT**<br>**Chapter 7** |
| **PEDRO M. VAN RHYN SOLDER**<br>          **Debtor** | |
| **MULTINATIONAL LIFE INSURANCE**<br>**COMPANY**<br>               **Plaintiff**<br>**vs.** | **Adversary No. 15-00181 BKT** |
| **PEDRO M. VAN RHYN SOLDER**<br><br>          **Defendant** | **FILED & ENTERED ON 06/08/2016** |

**OPINION AND ORDER**

Before this Court is the *Motion for Reconsideration and Motion to Alter or Amend Judgment* [Dkt. No. 51], filed by Multinational Life Insurance Company ("Plaintiff"), and the *Opposition to Motion for Reconsideration and Motion to Alter or Amend Judgment* [Dkt. No. 52], filed by Pedro M. Van Rhyn Solder ("Defendant"). For the reasons set forth below, the Plaintiff's *Motion for Reconsideration and Motion to Alter or Amend Judgment* is DENIED.

**I.      Factual Background**

On December 13, 2014, Defendant, Mr. Pedro M. Van Rhyn Soler, petitioned for relief under chapter 7 of the Bankruptcy Code. [Case No. 14-10211, Dkt. No. 1].  The first meeting of

1

the creditors was set pursuant to 11 U.S.C § 341(a) for January 15, 2015. Any objections to discharge were to be filed by March 16, 2015. [Case No. 14-10211, Dkt. No. 5].

On March 3, 2015, the United States trustee filed his *Motion for an Extension of Time to Object to Discharge* [Case No. 14-10211, Dkt. No. 31], as there were continuing investigations into the Defendant's financial affairs and the financial review would not be finalized prior to the original deadline. On March 4, 2015, this Court granted the request for a ninety (90) day extension and set a new deadline for June 15, 2015. [Case No. 14-10211, Dkt. No. 32]. On July 16, 2015, Plaintiff filed the captioned complaint one month after the deadline. [Dkt. No. 1].

On August 4, 2015, Plaintiff filed its *Motion for an Extension of Time to File Objection to Discharge* pursuant to Fed. R. Bankr. P. 4004(b)(2) [Case No. 14-10211, Dkt. No. 76]. On August 11, 2015, the Defendant filed an objection to Plaintiff's aforementioned request, [Case No. 14-10211, Dkt. No. 77], and filed a Motion to Dismiss this adversary proceeding [Dkt. No. 11]. On August 12, 2015, this Court ordered that Plaintiff's request for an extension pursuant to Fed. R. Bankr. P. 4004(b)(2) and the Defendant's objection would be considered together with the Defendant's motion to dismiss. [Case No. 14-10211, Dkt. No. 78].

On March 10, 2016, this Court granted the Defendant's *Motion to Dismiss* [Dkt. No. 11] and held that the standard set forth under Rule 4004(b)(2) had not been met. [Dkt. No. 47]. Shortly thereafter, on March 24, 2016, Plaintiff filed its *Motion for Reconsideration and Motion to Alter or Amend Judgment.* [Dkt. No. 51].

## II.        Standard of Review

Rule 9023 of the Federal Rule of Bankruptcy Procedure provides in part as follows: "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Accordingly, the 28-day period to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59 is reduced to 14 days, as per Fed. R. Bankr. P. 9023. Id. This 14-day time period is jurisdictional and may not be extended. 10 Collier on Bankruptcy ¶ 9023.07 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In fact, Rule 9006(b)(2) prohibits the enlargement of any of the time periods established by Rule 9023. Fed. R. Bankr. P. 9006.

The Plaintiff filed its *Motion for Reconsideration and Motion to Alter or Amend Judgment* within fourteen (14) days of the entry of the order granting Defendant's *Motion to Dismiss* [Dkt. No. 47]. Thus, Fed. R. Civ. P. 59(e) is applicable to this adversary proceeding.  To succeed in a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) the movant must demonstrate that there was either (1) a manifest error of law or fact, (2) that there was newly discovered information, (3) that the decision would lead to manifest injustice, (4) or that there was intervening change in controlling law. In re Vazquez, 471 B.R. 752, 757 (B.A.P. 1st Cir. 2012); Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 233 (D.P.R. 2009)

The First Circuit Court of Appeals holds that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.2d 7, 15-16 (1st Cir. 2006). A motion for reconsideration must not be used

as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Quimica de Venezuela v. Central Hispano Int'lnc., 989 F. Supp. 74 (D.P.R. 1997). Furthermore a motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and litigant, or re-argues theories already properly disposed of by the court. See, e.g. Wayne v. First Citizen's National Bank, 846 F. Supp. 310, 314 n. 3 (M.D.Pa 1994); Resolution Trust Corp. v. Holmes, 846 F. Supp. 1310, 1316 (S.D. Tex.1994). Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D.Va.1977). In essence, a motion for reconsideration must set forth the following: "(1) genuine reasons why the court should revisit the prior order; and (2) compelling facts or law in support of reversing the prior decision." In re Quesada, No. 13-02057 BKT, 2013 WL 5945801, at 1 (Bankr. D.P.R. 2013).

**III. Discussion**

Plaintiff maintains in its *Motion for Reconsideration and Motion to Alter or Amend Judgment* that the complaint filed on July 16, 2016, one month after the official deadline to object to a discharge, complies with Fed. R. Bankr. P. 4004(b)(2). It is the Plaintiff's belief that the court should have granted the extension of time. The court has previously made its determination regarding whether the complaint met the standard outlined in Fed. R. Bankr. P. 4004(b)(2), which would warrant an extension of time to file a motion objecting to discharge. The Plaintiff alleges that the court's decision contained manifest errors of law, and would result in manifest injustice. Additionally, the Plaintiff claims that newly discovered and previously unavailable evidence, as well as an intervening change of law, warrant reconsideration under Fed. R. Civ. P. 59(e).

4

**A. Manifest Error of Law**

The Plaintiff claims: (1) the court did not address the allegations presented in the complaint; (2) that the motion to dismiss contains elements of a summary judgment; and (3) that the court erred in dismissing the complaint. Despite such claims, this Court finds that there was no manifest error of law.

A manifest error of law is "'[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law,'" and case facts. Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (quoting Black's Law Dictionary p. 593 (7th ed. 1999)). It is important to reiterate, as stated above, that a motion for reconsideration must not be utilized to re-litigate matters already litigated and decided by the court. See Standard Quimica de Venezuela v. Central Hispano Int'lnc., 989 F. Supp. 74 (D.P.R. 1997). When seeking reconsideration of a court order, one cannot re-argue theories already properly disposed of by the court or present new arguments for the first time. Wayne v. First Citizen's National Bank, 846 F. Supp. 310, 314 n. 3 (M.D.Pa 1994).

The Plaintiff repeatedly states that the court did not address or contemplate the allegations of fraud and embezzlement presented in the complaint. However, the court did address the allegations, but found that Plaintiff did not present sufficient "facts to satisfy the standard 'that movant did not have knowledge of those facts in time to permit an objection'" [Dkt. No. 47]. Fed. R. Bankr. P. 4004(b)(2) sates:

> A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the

5

movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(b)(2). As previously determined by this Court, the Plaintiff failed to appropriately demonstrate that the alleged new facts were discovered during the gap period between the deadline to object to a discharge and the submission of the complaint on July 16, 2016. Without such facts the standard to fulfill 4004(b)(2) cannot be met. The Court has already determined the matter. The Plaintiff has not presented a clear error or disregard of law, but merely attempts to restate a previously disposed argument.

The Plaintiff additionally alleges that the motion to dismiss should have been treated as a motion for summary judgment, making dismissal inappropriate. This is the first time the Plaintiff brings forth this argument. New arguments that could have or should have been presented prior to judgment are not to be entertained under a Rule 59(e) motion. Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012). Thus, this argument shall not be discussed further.

The motion for reconsideration extensively discusses the plausibility requirement applicable to a timely filed complaint. Ashcroft v. Iqbal, 556 U.S. 662, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. Plaintiff asserts that its complaint was compliant with the plausibility requirement. In support it references Tirado Laureano v. Asociacion de Residentes Fuente Royal e Imperial, Inc., Opinion and Order Denying Defendant's Motion to Dismiss, Dkt. No. 24, Adv. No. 15-00169. In Tirado Laureano, the complaint was filed in accordance with the deadline and thus was analyzed under the plausibility standard. Id. The case goes on to state that "dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s [plausibility] requirement." Id. at 2 (citing Ocasio–

6

Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011)).

In the captioned case, the complaint was filed a month after the deadline expired, and the Plaintiff requested an extension under Rule 4004(b)(2) the next day. An entirely distinct analysis is utilized under Rule 4004(b)(2), which this Court has already appropriately applied. The plausibility standard is no longer exclusively applicable. The Plaintiff cannot conveniently ignore the impact of not complying with the deadline.

Plaintiff has not demonstrated any plain and indisputable error that amounts to a complete disregard of the controlling law. Thus, the Court finds no instance of manifest error of law.

**B. Newly Discovered or Previously Unavailable Information**

Plaintiff states that there is newly discovered or previously unavailable information; however, they fail to sufficiently support the claim. Newly discovered or previously unavailable information "must have become available only after judgment." In re Pabon Rodriguez, 233 B.R. 212, 222 (Bankr. D.P.R. 1999) (citing James Wm. Moore, Moore's Federal Practice § 59.30[5][a][iii], p. 59–104 to 59–105 (3rd ed.1998)).

Plaintiff fails to provide specific dates, facts, and information to adequately demonstrate that the information presented was newly discovered or previously unavailable. Again the court reiterates that a Rule 59(e) motion is not a vehicle to reiterate a previously rejected argument. Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012). As Plaintiff presents no new evidence, the court can only assume it is referring to the information presented within the complaint. This Court has already determined that the information in the complaint is not sufficient to warrant an extension of time under Rule 4004(b)(2).

7

The Plaintiff continuously alleges that the Court paid no attention to the allegations contained in its complaint and the amendment to the complaint. This Court did in fact review and paid close attention to the allegations made in the complaint, however, as the court previously stated, the Plaintiff did not meet its burden of showing cause for extension under Rule 4004(b)(2). [Dkt. No. 47]. The Plaintiff appears to believe that simply declaring that information was recently acquired, with no empirical evidence that the information was discovered in the gap between the deadline established by the court and a month later when their complaint was filed, is sufficient to warrant an extension or motion for reconsideration. Plaintiff has failed to demonstrate that the information was made available exclusively after the judgment.

**C. Manifest injustice**

As support for their claim of manifest injustice, Plaintiff states that the dismissal of the above captioned case would deprive it from receiving any compensation for claims it is pursuing in the state court. Additionally, it states its concern that the decision would result in collateral estoppel. Such claims do not constitute manifest injustice.

For manifest injustice to be present one must demonstrate a fundamental flaw in the court's determination that without correction would result in inequity and that the determination that was made was not in line with applicable policy. In Re Bunting Bearings Corp, 321 B.R. 420 (Bankr. N.D. 2004). There must be more than an "injustice" that would result from the previous ruling. In Re Henning, 420 B.R. 773,785 (2009). Manifest injustice requires there be "an error in the trial court that is direct, obvious, and observable." Id. at 785; In Re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003).

This Court sympathizes and understands that the dismissal of the above captioned case

8

may deprive the Plaintiff from receiving compensation. However, such an "injustice" would still not warrant revision under Rule 59(e). The Plaintiff must point to a direct, obvious, and observable error that the Court made. Id. at 683. Merely stating a potential negative consequence alone does not constitute a manifest injustice. Id. at 790. The Court's determination was entirely in accordance with existing applicable policy.

As to collateral estoppel. Because no legal argument or case law is presented, there is nothing for the court to specifically address. The first circuit has found that undeveloped arguments are commonly regarded as waived. Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp., 121 F. Supp. 3d 201, 229 (D. Me. 2015); Martinez–Burgos v. Guayama Corp., 656 F.3d 7, 10 (1st Cir. 2011). Unless the Plaintiff could demonstrate a direct, obvious, and observable error in the court's ruling manifest injustice is not present.

**D. Intervening law**

Plaintiff presents In re Simmons, 810 F.3d 852 (1st Cir. 2016) as an intervening change in controlling law. Simmons, however, does not change the law this Court used in ruling against a Rule 4004(b)(2) extension of the deadline to object to discharge.

The Simmons court analyzed sections 727(a)(2) and 727(a)(5) but did not fundamentally change controlling law. In Simmons, the United States trustee brought an adversary proceeding to deny the debtor a chapter 7 discharge. Id. at 855. The United States trustee's motion for summary judgment was granted due to the debtor's poor recordkeeping and unexplained loss of assets. Id. at 856. The summary judgment was appealed and affirmed by the Bankruptcy Appellate Panel. Id. at 860.

In this particular instance, distinct from that of Simmons, Plaintiff failed to file a motion

9

to extend time to object to discharge by the court mandated deadline. Plaintiff then filed a complaint a month after the deadline had expired and requested an extension of time under Rule 4004(b)(2), which was denied. As a result, the Defendant's motion to dismiss was granted by the court. This Court is being asked to reconsider the denial of an extension of time to object to a discharge under 4004(b)(2) and the subsequent dismissal**.**

When analyzing if a Rule 4004(b)(2) extension of time should be granted, the court is to look at whether "the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code." Fed. R. Bankr. P. 4004(b)(2). <u>Simmons</u> fails to even mention § 727(d) of the Code and makes no alterations to the law applicable to a Fed. R. Bankr. P. 4004(b)(2). <u>See</u> <u>Simmons</u>, 810 F.3d at 852-60. As <u>Simmons</u> did not create new intervening law, or fundamentally change ruling law, it has no impact on this Court's previous ruling. The court has already made the determination that the facts in the above captioned case would not provide for an extension under Rule 4004(b)(2), and it stands by its determination.

### E. <u>In re Chatkhan</u> is Distinguishable from This Case

The Plaintiff, in addition to its claims under Rule 59(e), states that the facts in <u>Chatkhan</u> are distinguishable from the case at hand. <u>In re Chatkhan</u>, 455 B.R. 365 (Bankr. E.D. N.Y. 2011). <u>Chatkhan</u> holds that allegations of fraud, in and of themselves, are not alone cause for an extension of deadlines. <u>Id.</u> at 368. While it is true that the facts in both cases differ, the court believes that the cases are not so distinct as to render <u>Chatkhan</u> inapplicable.

Similarly to the above captioned case, in <u>Chatkhan</u> a motion for an extension of time to file an objection to discharge was presented past the filing deadline. <u>Id.</u> at 368. Plaintiff points to their filing of an adversary proceeding, and their active participation in the case, as a point of

10

distinction from the facts in <u>Chatkhan</u>. This Court agrees that the creditors in <u>Chatkhan</u> did not practice the same level of diligence as Plaintiff has. Furthermore, there is significance in the assertion that a creditor's lack of due diligence forecloses a grant of extension, a fact that is not mirrored in this case. <u>Id.</u> at 370. However, this particular reasoning was not the crux of this Court's denial of the motion to extend time to object to discharge. This Court looked upon <u>Chatkhan</u>'s other conclusion that while allegations of fraud or misrepresentation may be grounds to deny a discharge, they "are not cause to grant an extension of time to object to discharge or dischargeability." <u>Id.</u> at 368. As such, this Court did not err in its application of <u>Chatkhan</u>. While the Plaintiff is correct in presenting distinguishing facts between the two cases, the distinguishing facts do not diminish the court's use of <u>Chatkhan</u> and its ultimate decision.

**IV.    Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's *Motion for Reconsideration and Motion to Alter or Amend Judgment* [Dkt. No. 51] shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 8th day of June, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

11